UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

Case No.: 1:18-cv-1138

ESTATE OF DOUGLAS ALMOND WIGGINGTON,  )
Through its Personal Representatives, Brittany Renee )
Raftery and Taylor Eve Wiggington, )
)
       Plaintiff, )
)
Vs. )
)
POLICE OFFICER DILLON SILVER, in his capacity as an )
Officer of the Greenfield Police Department and Deputy Sheriff for )
Hancock County, Indiana; )
POLICE SGT. RODNEY VAWTER, in his capacity as an )
Officer of the Greenfield Police Department and Deputy Sheriff for )
Hancock County, Indiana; )
CITY OF GREENFIELD, INDIANA, by its Mayor, CHARLES )
FEWELL, in its capacity as being a supervisory and )
authorizing authority over the Greenfield Police Department, )
Greenfield, Indiana; )
GREENFIELD CITY COUNCIL by its President Pro-Tem )
GARY A. MCDANIEL, in its capacity as being a supervisory and )
authorizing authority over the Greenfield Police Department, )
Greenfield, Indiana; )
CHIEF OF POLICE, JEFFREY RASCHE, in his capacity )
as being a supervisory and authorizing authority over the )
Greenfield Police Department, Greenfield, Indiana; )
HANCOCK COUNTY COMMISSIONERS, in their capacity )
as being a supervisory and authorizing authority over the )
Greenfield Police Department, Greenfield, Indiana; )
AND )
AXON ENTERPRISE, INC., )
f/k/a TASER INTERNATIONAL, INC. )
)
       Defendants. )

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS, FOR FALSE ARREST, FOR USE OF EXCESSIVE FORCE RESULTING IN WRONGFUL DEATH, FOR NEGLIGENCE AND FOR PRODUCT LIABILITY AND REQUEST FOR TRIAL BY JURY**

COMES NOW the Estate of Douglas Almond Wiggington, through its Personal Representatives, Brittany Renee Raftery and Taylor Eve Wiggington, by counsel, John G. Forbes and Henry Y. Dein, and for its Complaint for Damages For Violation Of Civil Rights, For False Arrest, For Use Of Excessive Force Resulting In Wrongful Death, For Negligence And For Product Liability And Request For Trial By Jury, alleges as follows:

**INTRODUCTORY STATEMENT**

1. This is an action for violation of civil rights, false arrest and wrongful death, personal injuries and damages sustained by Douglas Wiggington, a citizen of the United States, against police officers, Police Officer Dillon Silver and Police Sgt. Rodney Vawter, of the Hancock County Sheriff's Department, City of Greenfield Police Department, who unlawfully arrested and assaulted him, against the Chief of Police as a supervisory officer responsible for the training and conduct of Defendants Silver and Vawter, and for his failure to take corrective action with respect to police personnel whose aggressive conduct was well known, to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct; against the Honorable Charles Fewell, as the Mayor of the City of Greenfield, Indiana, and against the City of Greenfield as the employer of the police personnel, which is sued as a person under 42 U.S.C. § 1983; against the Hancock County Commissioners, in their capacity as being a supervisory and authorizing authority over the Greenfield Police Department, Greenfield, Indiana; and against Axon Enterprise, Inc. f/k/a Taser International, Inc. ("Taser") as a private manufacturer and distributor of certain weapons.

## JURISDICTION OF THE COURT

2. This action is brought pursuant to 42 USC §1983 and 1988 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States for the violations of the civil rights of Plaintiff/Decedent, Douglas Almond Wiggington and for tortious behavior under the law of Indiana.

3. The jurisdiction of this Court is predicated on 28 USC § 1343(3) and (4) and 1331. Plaintiff/Decedent also invokes the pendant jurisdiction of this Court to decide the asserted statutory and common law tort claims. The amount in controversy exceeds $1,000,000.00 excluding expenses, interest, attorney fees and costs.

4. Venue is properly established in this judicial district pursuant to 28 USC § 1391(B) based on all relevant factors.

5. As it relates to Defendant Axon Enterprise, Inc. f/k/a Taser International, Inc. ("Taser"), Taser is a corporation duly organized and existing under the laws of Delaware.

6. Plaintiff/Decedent, Douglas Almond Wiggington, was a resident of the State of Indiana and, thus, there is a diversity of citizenship.

7. The amount in controversy exceeds $1,000,000.00 excluding expenses, interest, attorney fees and costs.

8. An appropriate Indiana Notice of Tort Claim was submitted to the law enforcement agencies and supervisory authorities as political subdivisions of the State of Indiana.

9. More than ninety (90) days have passed since the Notice of Tort Claim was submitted and none of the named parties have responded. Based on the failure to respond, the claims of the Estate are deemed to be denied and are ripe for litigation.

## PARTIES TO THE ACTION FOR WRONGFUL DEATH

10. The allegations set forth in Paragraphs 1 through 9 are repeated and realleged as if each was set out in full text.

11. Plaintiff is the Estate of Douglas Almond Wiggington, through Personal Representatives, Brittany Renee Raftery and Taylor Eve Wiggington duly filed under Cause No. 73C01-1801-EU-000007 in the Shelby Circuit Court. At all times relevant and material to the allegations of this Complaint, Plaintiff, Douglas Almond Wiggington, was a resident of Shelby County, City of Fountaintown, Indiana, and a citizen of the United States. The Estate of Douglas Almond Wiggington has been opened and maintained under the authority of the laws of Indiana and thus is a resident of the State of Indiana.

12. Defendant, Police Officer Dillon Silver, in his capacity as an Officer of the Greenfield Police Department and Deputy Sheriff for Hancock County, Indiana. The Sheriff's Department of Hancock County, Indiana and the Police Department of Greenfield, Indiana are established and maintained under the authority of the laws of Indiana and thus are residents of Indiana. Officer Silver was duly appointed and acting within the scope of his authority and employment at all material times. At all times relevant and material to the allegations of this Complaint, Officer Silver, was a law enforcement officer employed by the Greenfield Police Department and Hancock County Sheriff to perform duties in the City of Greenfield, Indiana. At all relevant and material times, he was acting in such capacity as the agent, servant, and employee of Defendant, City of Greenfield, and Defendant, County of Hancock, Indiana, and is sued individually and in his official capacity.

13. Defendant, Police Sgt. Rodney Vawter, in his capacity as an Officer of the Greenfield Police Department and Deputy Sheriff for Hancock County, Indiana. The Greenfield

Police Department and Sheriff's Department of Hancock County, Indiana, are established and maintained under the authority of the laws of Indiana and thus are residents of Indiana. Police Sgt. Vawter was duly appointed and acting within the scope of his authority and employment at all material times. At all times relevant and material to the allegations of this Complaint, Police Sgt. Vawter, was a law enforcement officer employed by the Greenfield Police Department and Hancock County Sheriff to perform duties in the City of Greenfield, Indiana. At all relevant and material times, he was acting in such capacity as the agent, servant, and employee of Defendant, City of Greenfield and Defendant, County of Hancock, Indiana, and is sued individually and in his official capacity.

14. Defendant, Chief of Police, Jeffrey Rasche, in his capacity as being a supervisory and authorizing authority over the Greenfield Police Department, Greenfield, Indiana. At all times relevant and material to the allegations of this Complaint, the Chief of Police, Jeffrey Rasche, was a resident of Indiana. Further, the Chief of Police, Jeffrey Rasche, has the legal authority and responsibility to select, train and otherwise supervise the actions of the law enforcement officers herein and to issue appropriate orders for conduct by the law enforcement officers herein.

15. Defendant, City of Greenfield, Indiana, by its Mayor, Chuck Fewell, in its capacity as being a supervisory and authorizing authority over the Greenfield Police Department, Greenfield, Indiana. At all times relevant and material to the allegations of this Complaint, Defendant, the City of Greenfield, Indiana was established and is maintained under the authority of the laws of Indiana and thus is a resident of Indiana. Further, the City of Greenfield has the legal authority and responsibility to select, train and otherwise supervise the actions of the law enforcement officers herein. At all relevant and material times, Defendant, City of Greenfield, Indiana, by its Mayor, Chuck Fewell, was acting in such capacity as the agent, servant and

employee of the Defendant, City of Greenfield, and Mayor Chuck Fewell is sued individually and in his official capacity as Mayor.

16. Defendant, Greenfield City Council and Gary McDaniel, President Pro-Tem of said Council, in its capacity as being a supervisory and authorizing authority over the Greenfield Police Department. At all times relevant and material to the allegations of this Complaint, Defendant, Greenfield City Council and Gary McDaniel, its President Pro-Tem, was established and maintained under the authority of the laws of Indiana and thus is a resident of Indiana. Further, the Greenfield City Council has the legal authority and responsibility to select, train and otherwise supervise the actions of the law enforcement officers herein.

17. Defendant, Hancock County Commissioners, in their capacity as being a supervisory and authorizing authority over the Hancock County Sheriff's Department. At all times relevant and material to the allegations of this Complaint, Defendant, Hancock County Commissioners were the duly elected and appointed Commissioners of Hancock County. As such they were the commanding officials of Defendant Hancock County Sheriff's Department and were responsible for its training, supervision and conduct. They were also responsible by law for enforcing the regulations of Hancock County and for ensuring that the police personnel obey the laws of the State of Indiana and the United States of America. At all relevant times, they were acting in such capacity as the agent, servant and employee of the Defendant County of Hancock, Indiana, and are sued individually and in their official capacity. The Hancock County Commissioners were established and are maintained under the authority of the laws of Indiana and thus are residents of Indiana.

18. As related to Defendant, Axon Enterprise, Inc. f/k/a Taser International, Inc., at all relevant and material times to the allegations of this Complaint, Taser was a for-profit corporation

in the business of providing electronic weapons to law enforcement offices and to private persons; further, Taser provided advice and training for use of its products. During the Spring, 2017, Taser International, Inc. changed its corporate name to Axon Enterprise, Inc. Hereinafter, Axon Enterprise, Inc. f/k/a Taser International, Inc. is referred to as "Taser".

## FACTUAL ALLEGATIONS

19. The allegations set forth in Paragraphs 1 through 18 are repeated and realleged as if each was set out in full text.

20. At the time of his death, Plaintiff/Decedent, Douglas Almond Wiggington (hereinafter "Plaintiff/Decedent") was an adult male who resided at 10871 North Division Road, Fountaintown, Shelby County, Indiana 46130. Plaintiff/Decedent was 48 years of age, having been born on December 17, 1968.

21. Plaintiff/Decedent was survived by three (3) children, Brittany Renee Raftery, Taylor Eve Wiggington and Douglas Wiggington, all of whom are emancipated adults but whom relied on the financial and emotional support, including love and affection, from their father, Plaintiff/Decedent.

22. On May 12, 2017, Plaintiff/Decedent was killed by action of law enforcement authorities and the negligence and failures of Taser.

23. On May 12, 2017, Plaintiff/Decedent was lawfully proceeding from a social gathering with the intention to return to his home. As he crossed a public street in the City of Greenfield, Indiana, he was accosted by Police Officer Dillon Silver and Police Sgt. Rodney Vawter and, as a result of his general instability, fell to the ground.

24. At the time of the events involved, Plaintiff/Decedent was not armed with a weapon or other protective devise, which appearance was obvious by looking at his person. Further, at the

time of his death, Plaintiff/Decedent was in an impaired and vulnerable medical condition which condition was also readily obvious to all persons involved.

27. At no time did Plaintiff/Decedent provoke Police Officer Dillon Silver or Police Sgt. Rodney Vawter to the extent that the use of force was necessary. Nevertheless, the law enforcement officers shot Plaintiff/Decedent several times with their taser weapons.

26. A direct and proximate cause of Plaintiff/Decedent's death was being shot with the Taser provided weapons several times.

27. An Estate for Plaintiff/Decedent has been opened in the Shelby County Circuit Court, Shelbyville, Indiana. The Cause Number of the Estate is 73C01-1801-EU-000007. The appointed Personal Representatives are Brittany Renee Raftery and Taylor Eve Wiggington.

## FEDERAL CAUSES OF ACTION

28. The allegations set forth in Paragraphs 1 through 27 are repeated and realleged as if each was set out in full text.

29. The hereinabove described actions and omissions, engaged in under color of state authority by the Defendants, including Defendants City and County, sued as persons, responsible because of their authorization, condonation, and ratification thereof for the acts of their agents, deprived the Plaintiff/Decedent of rights secured to him by federal law and the Constitution of the United States, including but not limited to, his first amendment right to freedom of expression, his fourth amendment right to be free from unlawful seizure of his person, his fifth and fourteenth amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police, and his eighth amendment right to be free from cruel and unusual punishment.

## PENDENT CAUSES OF ACTION

30. The allegations set forth in Paragraphs 1 through 29 are repeated and realleged as if each was set out in full text.

31. On or about October 27, 2017, Plaintiff caused a written verified Civil Notice of Tort Claims and Civil Rights Violations to be filed with and served upon the proper officers, agents and employees of the Defendants Hancock County, City of Greenfield Police Department; Chief of Police, Jeffrey Rasche; Police Officer Dillon Silver; Police Sgt. Rodney Vawter; Charles Fewell, as the Mayor of the City of Greenfield, Indiana, City of Greenfield; and, Hancock County Commissioners, pursuant to the appropriate statutes. A copy of the Civil Notice of Tort Claims and Civil Rights Violations is attached hereto, made a part hereof and marked as Exhibit A.

32. More than ninety (90) days have elapsed since the service of such Notice of Tort Claims and Civil Rights Violations and adjustment or payment thereof has been neglected or refused.

33. The acts and conduct hereinbefore alleged constitute false arrest and imprisonment, assault and battery, abuse of process, negligence, and gross negligence under the laws of the State of Indiana. This Court has pendent jurisdiction to hear and adjudicate these claims.

## SPECIFIC ALLEGATIONS

### COUNT 1
### Violation of Civil Rights

34. The allegations set forth in Paragraphs 1 through 33 are repeated and realleged as if each was set out in full text.

35. Acting under color of law and the authority of Defendants City of Greenfield, Indiana by its Mayor, Charles Fewell; Greenfield City Council by its President Pro-Tem Gary A. McDaniel and the Hancock County Commissioners, with Defendants Police Officer Dillon Silver

and Police Sgt. Rodney Vawter, intentionally, negligently, and with complete and deliberate indifference for Plaintiff/Decedent's rights caused Plaintiff/Decedent to be deprived of his constitutional rights, including but not limited to those under the fourth, fifth, sixty and eighth amendments by:

    a.    using a decree of force that was unreasonable under the circumstances, and in violation of Plaintiff/Decedent's rights to be free of an unreasonable seizure under the fourth amendment;

    b.    subjecting Plaintiff/Decedent to punishment without the benefit of a trial by jury in violation of his rights under the sixth and eighth amendments; and

    c.    depriving Plaintiff/Decedent of his liberty by subjecting him to unwarranted and unreasonable restraints on his person without due process in violation of his rights under the fifth amendment.

    36.    Defendant Chief of Police Jeffrey Rasche, under color of law, intentionally, negligently, and with complete and deliberate indifference to Plaintiff/Decedent's rights, caused Plaintiff/Decedent to be deprived of his constitutional rights including but not limited to the fourth, fifth, sixty and eighth amendments, by:

    a.    failing to supervise properly the training and conduct of Defendants Police Officer Dillon Silver Police Sgt. Rodney Vawter; and

    b.    failing to enforce the laws of the State of Indiana and the provisions of the Constitution of the United States concerning use of force by members of the police force while making an arrest; and

    c.    by failing to promulgate and issue appropriate sections of the Police Manual as related to force use to arrest and restrain; and

    d.    by failing to train officers under his command and control in the proper use of force.

37.    Plaintiff/Decedent's injuries and deprivations of constitutional rights were proximately caused by Defendant Chief of Police Jeffrey Rasche's:

    a.    inadequate supervision of the training and conduct of Defendant Police Officer Dillon Silver and Police Sgt. Rodney Vawter;

    b.    failure to enforce the laws of the State of Indiana and the appropriate provisions of the Constitution of the United States; and

    c.    issuance of vague, confusing, and contradictory policies concerning the use of force that are inconsistent with the requirements of the fourth, fifth, sixth and eighth amendments of the United States Constitution.

38.    Defendants City of Greenfield, Indiana by its Mayor, Charles Fewell; Greenfield City Council by its President Pro-Tem Gary A. McDaniel and the Hancock County Commissioners, under color of law, intentionally, negligently, and with complete and deliberate indifference for Plaintiff/Decedent's rights, authorized, permitted, and tolerated the custom and practice of the unconstitutional and excessive use of force by members of the Greenfield Police Department and Hancock County Sheriff's Department and, in particular by Defendant Police Officer Dillon Silver and Police Sgt. Rodney Vawter, in failing to:

    a.    appoint, promote, train and supervise members of the Hancock County Sheriff's Department and Greenfield Police Department who would enforce the laws in effect in the State of Indiana and who would protect the constitutional rights of the people of the State of Indiana;

    b.    require Defendant Police Chief Jeffrey Rasche to promulgate procedures and policies for the use of weapons that were consistent with the fourth, fifth, sixth and eighth amendments of the Constitution; and

c. by permitting the policy and custom of using unreasonable force to exist and to be followed by the Hancock County Sheriff's Department and Greenfield Police Department.

## COUNT II
## Assault and Battery
## Training

39. Paragraphs 1 through 38 are adopted and incorporated by reference as if set out in full text herein.

40. The above-described shooting of Plaintiff/Decedent by a Taser provided weapon by Defendant Police Officer Dillon Silver and Police Sgt. Rodney Vawter on May 12, 2017 constituted an assault and battery against Plaintiff/Decedent under the laws of the State of Indiana.

41. As a result of the assault and battery upon his person by Defendants Police Officer Dillon Silver and Police Sgt. Rodney Vawter, Plaintiff/Decedent was killed.

42. Defendant Chief of Police Jeffrey Rasche negligently caused the above-described injuries to Plaintiff by failing to properly train, supervise and control the conduct of Defendant Police Officer Dillon Silver and Police Sgt. Rodney Vawter.

43. Defendants, Defendants City of Greenfield, Indiana by its Mayor, Charles Fewell; Greenfield City Council by its President Pro-Tem Gary A. McDaniel and the Hancock County Commissioners, negligently caused the above-described injuries to Plaintiff by failing to properly train, supervise and control the conduct of Defendant Police Officer Dillon Silver and Police Sgt. Rodney Vawter.

44. Defendants, City of Greenfield, Indiana by its Mayor, Charles Fewell; Greenfield City Council by its President Pro-Tem Gary A. McDaniel and the Hancock County Commissioners, as the employer of Defendant Police Officer Dillon Silver, Police Sgt. Rodney

Vawter and Chief of Police Jeffrey Rasche, as the employer of Defendant Police Officer Dillon Silver and Police Sgt. Rodney Vawter are liable under the doctrine of respondeat superior for the tortious conduct of the individual Defendants.

### COUNT III
### Intentional Misconduct and Gross Negligence
### Training

45. The allegations set forth in Paragraphs 1 through 44 are repeated and realleged as if each was set out in full text.

46. The above-described shooting of Plaintiff/Decedent by a Taser provided weapon on May 12, 2017 constituted an assault and battery against Plaintiff/Decedent, constituted intentional misconduct, and gross negligence under the laws of the State of Indiana.

47. The conduct of Defendant Chief of Police Jeffrey Rasche in failing to properly train, supervise and control the conduct of Defendant Police Officer Dillon Silver and Police Sgt. Rodney Vawter constituted intentional misconduct and gross negligence under the laws of the State of Indiana.

48. Defendants, Defendants, City of Greenfield, Indiana by its Mayor, Charles Fewell; Greenfield City Council by its President Pro-Tem Gary A. McDaniel and the Hancock County Commissioners, as the employer of Defendants Police Officer Dillon Silver, Police Sgt. Rodney Vawter and Chief of Police Jeffrey Rasche, are liable under the doctrine of respondeat superior for the negligent and intentional conduct of the individual Defendants.

### COUNT IV
### Unreasonable and Excessive Force
### Training

49. The allegations set forth in Paragraphs 1 through 48 are repeated and realleged as if each was set out in full text.

50. Defendants Police Officer Dillon Silver and Police Sgt. Rodney Vawter negligently and intentionally deprived Plaintiff/Decedent of his civil rights to be free from unnecessary and wanton force during arrest or apprehension, by their malicious use of unreasonable and excessive force in shooting Plaintiff/Decedent with a Taser provided weapon.

51. As a result of Defendants Police Officer Dillon Silver and Police Sgt. Rodney Vawter's use of excessive and unreasonable force in arresting Plaintiff/Decedent, Plaintiff/Decedent was killed.

52. Defendant Chief of Police Jeffrey Rasche caused the above-described injuries by failing to properly train, supervise and control the conduct of Defendants Police Officer Dillon Silver and Police Sgt. Rodney Vawter by failing to train members of the Greenfield Police Department to enforce the laws in effect in the State of Indiana and by failing to promulgate, issue and enforce appropriate procedures and regulations concerning the use of weapons by members of the Greenfield Police Department.

53. Defendant Chief of Police Jeffrey Rasche, as the employer of Defendant Police Officer Dillon Silver and Police Sgt. Rodney Vawter is liable under the doctrine of respondeat superior for the tortious conduct of the Defendants Silver and Vawter.

## COUNT V
### Reckless Disregard of the Facts

54. The allegations set forth in Paragraphs 1 through 54 are repeated and realleged as if each was set out in full text.

55. Defendants Police Officer Dillon Silver and Police Sgt. Rodney Vawter, in shooting Plaintiff/Decedent with a Taser provided weapon acted in an extreme and outrageous manner, intentionally and with reckless disregard for Plaintiff's welfare, inflicted severe distress and killed Plaintiff/Decedent.

56. Defendant Chief of Police Jeffrey Rasche negligently caused the above-described injuries to Plaintiff/Decedent by failing to properly train, supervise and control the conduct of Defendants Police Officer Dillon Silver and Police Sgt. Rodney Vawter.

57. Defendants, City of Greenfield, Indiana by its Mayor, Charles Fewell; Greenfield City Council by its President Pro-Tem Gary A. McDaniel and the Hancock County Commissioners negligently caused the above-described injuries to Plaintiff/Decedent by failing to properly train, supervise and control the conduct of Defendant Police Officer Dillon Silver and Police Sgt. Rodney Vawter.

58. Defendants City of Greenfield, Indiana by its Mayor, Charles Fewell; Greenfield City Council by its President Pro-Tem Gary A. McDaniel and the Hancock County Commissioners, as the employer of Defendants Police Officer Dillon Silver, Police Sgt. Rodney Vawter and Chief of Police Jeffrey Rasche are liable under the doctrine of respondeat superior for the tortious conduct of Defendants Silver and Vawter.

## COUNT VI
## Product Liability

59. The allegations set forth in Paragraphs 1 through 54 are repeated and realleged as if each was set out in full text.

60. The Taser weapons utilized in this case by the law enforcement officials, were designed and manufactured by Axon Enterprise, Inc. f/k/a Taser International, Inc. Further, Taser marketed and distributed the weapons to law enforcement officials as well as the general public.

61. Taser was responsible for the design, manufacture and maintenance of the weapons and for keeping anyone using the weapons fully informed as to proper use and safety factors which it failed to do.

62. Taser was required to design, manufacture, and market its weapons in such a manner that said weapons would not be deadly which it failed to do.

63. Taser was required to design the weapons in such a manner as to be non-lethal which it failed to do.

64. Taser was required to prepare instruction manuals and to update the same so as to inform users of the proper use of the weapon which it failed to do.

## CONCLUSION

WHEREFORE, in consideration of all facts and applicable law, the Plaintiff, the Estate of Douglas Almond Wiggington, by counsel, demands the following relief jointly and severally, against all named defendants:

A. Compensatory damages in the amount of $5,000,000.00;

B. Expenses of litigation and costs;

C. Attorney's fees pursuant to 42 USC § 1988; and

D. Such other and further relief as this Court may deem appropriate under the circumstances.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff/Decedent hereby demands trial by jury in this action for all issues so triable.

Respectfully submitted,

/s/ John G. Forbes
JOHN G. FORBES, Attorney No. 6915-49
*Counsel for Plaintiff, Estate of Douglas Almond Wiggington, through Personal Representatives, Brittany Renee Raftery and Taylor Eve Wiggington*

                                    /s/ Henry Y. Dein
                                  HENRY Y. DEIN, Attorney No. 4462-49
                                  *Counsel for Plaintiff, Estate of Douglas Almond*
                                  *Wiggington, through Personal Representatives,*
                                  *Brittany Renee Raftery and Taylor Eve Wiggington*