UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ESTATE OF DOUGLAS ALMOND WIGGINGTON, Through its Personal Representatives, Brittany Renee Raftery and Taylor Eve Wiggington, | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| POLICE OFFICER DILLON SILVER, in his capacity as an Officer of the Greenfield Police Department and Deputy Sheriff for Hancock County, Indiana; POLICE SGT. RODNEY VAWTER, in his capacity as an Officer of the Greenfield Police Department and Deputy Sheriff for Hancock County, Indiana; CITY OF GREENFIELD, INDIANA, by its Mayor, CHARLES FEWELL, in its capacity as being a supervisory and authorizing authority over the Greenfield Police Department, Greenfield, Indiana; GREENFIELD CITY COUNCIL by its President Pro-Tem GARY A. MCDANIEL, in its capacity as being a supervisory and authorizing authority over the Greenfield Police Department, Greenfield, Indiana; CHIEF OF POLICE, JEFFREY RASCHE, in his capacity as being a supervisory and authorizing authority over the Greenfield Police Department, Greenfield, Indiana; HANCOCK COUNTY COMMISSIONERS, in their capacity as being a supervisory and authorizing authority over the Greenfield Police Department, Greenfield, Indiana; and AXON ENTERPRISE, INC. f/k/a TASER INTERNATIONAL, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

CASE NO. 1:18-cv-1138

## ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND OF DEFENDANTS, GREENFIELD CITY COUNCIL AND CITY OF GREENFIELD, INDIANA

In answer to Plaintiffs' Complaint, Defendants Greenfield City Council and City of Greenfield, Indiana ("Defendants") state as follows:

## RESPONSES TO COMPLAINT

## INTRODUCTORY STATEMENT

1.     This is an action for violation of civil rights, false arrest and wrongful death, personal injuries and damages sustained by Douglas Wiggington, a citizen of the United States, against police officers, Police Officer Dillon Silver and Police Sgt. Rodney Vawter, of the Hancock County Sheriff's Department, City of Greenfield Police Department, who unlawfully arrested and assaulted him, against the Chief of Police as a supervisory officer responsible for the training and conduct of Defendants Silver and Vawter, and for his failure to take corrective action with respect to police personnel whose aggressive conduct was well known, to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct; against the Honorable Charles Fewell, as the Mayor of the City of Greenfield, Indiana, and against the City of Greenfield as the employer of the police personnel, which is sued as a person under 42 U.S.C. § 1983; against the Hancock County Commissioners, in their capacity as being a supervisory and authorizing authority over the Greenfield Police Department, Greenfield, Indiana; and against Axon Enterprise, Inc. f/k/a Taser International, Inc. ("Taser") as a private manufacturer and distributor of certain weapons.

**ANSWER:     The allegations contained in paragraph 1 that are directed against these answering Defendants are denied.  The allegations in paragraph 1 that are directed against Defendants other than these answering Defendants do not require an answer by these answering Defendants; to the extent that an answer is required, these answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint.**

## JURISDICTION OF THE COURT

2.     This action is brought pursuant to 42 USC §1983 and 1988 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States for the

violations of the civil rights of Plaintiff/Decedent, Douglas Almond Wiggington and for tortious behavior under the law of Indiana.

**ANSWER:    The allegations contained in paragraph 2 of the Complaint are denied and denied for want of knowledge sufficient to form a belief as to the truth thereof.**

3.      The jurisdiction of this Court is predicated on 28 USC § 1343(3) and (4) and 1331. Plaintiff/Decedent also invokes the pendant jurisdiction of this Court to decide the asserted statutory and common law tort claims.   The amount in controversy exceeds $1,000,000.00 excluding expenses, interest, attorney fees and costs.

**ANSWER:    These answering Defendants admit that this Court has jurisdiction in light of the fact that federal claims have been alleged.  These Defendants further admit that this Court may accept pendent jurisdiction of all state law claims.  These Defendants deny that the amount in controversy exceeds $1 million and deny the remaining allegations contained in paragraph 3.**

4.      Venue is properly established in this judicial district pursuant to 28 USC § 1391(B) based on all relevant factors.

**ANSWER:    Defendants admit the allegations contained in paragraph 4 of the Complaint.**

5.      As it relates to Defendant Axon Enterprise, Inc. f/k/a Taser International, Inc. ("Taser"), Taser is a corporation duly organized and existing under the laws of Delaware.

**ANSWER:    The allegations contained in paragraph 5 are not directed towards these answering Defendants.  Accordingly, no response is required.  To the extent that a response is required, these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.**

6.      Plaintiff/Decedent, Douglas Almond Wiggington, was a resident of the State of Indiana and, thus, there is a diversity of citizenship.

**ANSWER:   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.**

7.      The amount in controversy exceeds $1,000,000.00 excluding expenses, interest, attorney fees and costs.

**ANSWER:   Defendants deny the allegations contained in paragraph 7 of the Complaint.**

8.      An appropriate Indiana Notice of Tort Claim was submitted to the law enforcement agencies and supervisory authorities as political subdivisions of the State of Indiana.

**ANSWER:   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.**

9.      More than ninety (90) days have passed since the Notice of Tort Claim was submitted and none of the named parties have responded.  Based on the failure to respond, the claims of the Estate are deemed to be denied and are ripe for litigation.

**ANSWER:   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.**

**PARTIES TO THE ACTION FOR WRONGFUL DEATH**

10.      The allegations set forth in Paragraphs 1 through 9 are repeated and realleged as if each was set out in full text.

**ANSWER:   In answer to paragraph 10 of the Complaint, these answering Defendants incorporate their answers to the previous paragraphs as if fully written herein.**

11.      Plaintiff is the Estate of Douglas Almond Wiggington, through Personal Representatives, Brittany Renee Raftery and Taylor Eve Wiggington duly filed under Cause No. 73C01-1801-EU-000007 in the Shelby Circuit Court.  At all times relevant and material to the

allegations of this Complaint, Plaintiff, Douglas Almond Wiggington, was a resident of Shelby County, City of Fountaintown, Indiana, and a citizen of the United States.  The Estate of Douglas Almond Wiggington has been opened and maintained under the authority of the laws of Indiana and thus is a resident of the State of Indiana.

**ANSWER:**   **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.**

12.   Defendant, Police Officer Dillon Silver, in his capacity as an Officer of the Greenfield Police Department and Deputy Sheriff for Hancock County, Indiana.  The Sheriff's Department of Hancock County, Indiana and the Police Department of Greenfield, Indiana are established and maintained under the authority of the laws of Indiana and thus are residents of Indiana.  Officer Silver was duly appointed and acting within the scope of his authority and employment at all material times.  At all times relevant and material to the allegations of this Complaint, Officer Silver, was a law enforcement officer employed by the Greenfield Police Department and Hancock County Sheriff to perform duties in the City of Greenfield, Indiana.  At all relevant and material times, he was acting in such capacity as the agent, servant, and employee of Defendant, City of Greenfield, and Defendant, County of Hancock, Indiana, and is sued individually and in his official capacity.

**ANSWER:**   **In answer to paragraph 12 of the Complaint, Defendants admit that Officer Dillon Silver is an officer of the Greenfield Police Department and that he was acting within the course and scope of his authority and employment at the time of his interactions with Plaintiffs' decedent.  The remaining allegations contained in paragraph 12 of the Complaint are denied and denied for want of knowledge sufficient to form a belief as to the truth thereof.**

13.   Defendant, Police Sgt. Rodney Vawter, in his capacity as an Officer of the Greenfield Police Department and Deputy Sheriff for Hancock County, Indiana.  The Greenfield

Police Department and Sheriff's Department of Hancock County, Indiana, are established and maintained under the authority of the laws of Indiana and thus are residents of Indiana.  Police Sgt. Vawter was duly appointed and acting within the scope of his authority and employment at all material times.  At all times relevant and material to the allegations of this Complaint, Police Sgt. Vawter, was a law enforcement officer employed by the Greenfield Police Department and Hancock County Sheriff to perform duties in the City of Greenfield, Indiana.  At all relevant and material times, he was acting in such capacity as the agent, servant, and employee of Defendant, City of Greenfield and Defendant, County of Hancock, Indiana, and is sued individually and in his official capacity.

**ANSWER:   Defendants admit Police Sgt. Rodney Vawter is an officer of the Greenfield Police Department and that he was acting within the course and scope of his authority and employment at the time of his interactions with Plaintiffs' decedent.  The remaining allegations contained in paragraph 13 of the Complaint are denied and denied for want of knowledge sufficient to form a belief as to the truth thereof.**

14.     Defendant, Chief of Police, Jeffrey Rasche, in his capacity as being a supervisory and authorizing authority over the Greenfield Police Department, Greenfield, Indiana.  At all times relevant and material to the allegations of this Complaint, the Chief of Police, Jeffrey Rasche, was a resident of Indiana.  Further, the Chief of Police, Jeffrey Rasche, has the legal authority and responsibility to select, train and otherwise supervise the actions of the law enforcement officers herein and to issue appropriate orders for conduct by the law enforcement officers herein.

**ANSWER:   Defendants admit that Jeffrey Rasche is the Chief of Police for the City of Greenfield, Indiana and that he has those duties and responsibilities as defined by law. The remaining allegations contained in paragraph 14 are vague and overly broad and are accordingly denied for want of knowledge sufficient to form a belief as to the truth thereof.**

15.     Defendant, City of Greenfield, Indiana, by its Mayor, Chuck Fewell, in its capacity as being a supervisory and authorizing authority over the Greenfield Police Department,

Greenfield, Indiana.  At all times relevant and material to the allegations of this Complaint, Defendant, the City of Greenfield, Indiana was established and is maintained under the authority of the laws of Indiana and thus is a resident of Indiana.  Further, the City of Greenfield has the legal authority and responsibility to select, train and otherwise supervise the actions of the law enforcement officers herein.  At all relevant and material times, Defendant, City of Greenfield, Indiana, by its Mayor, Chuck Fewell, was acting in such capacity as the agent, servant and employee of the Defendant, City of Greenfield, and Mayor Chuck Fewell is sued individually and in his official capacity as Mayor.

**ANSWER:** **In answer to paragraph 15 of the Complaint, Defendants admit that the City of Greenfield employed Officer Silver, Sgt. Vawter, and Chief Jeffrey Rasche. Defendants further admit that the City of Greenfield was established and is maintained under the authority of the laws of the State of Indiana and is a resident of Indiana. The remaining allegations contained in paragraph 15 are overly broad, vague, and are accordingly denied for want of knowledge sufficient to form a belief as to the truth thereof.**

16.     Defendant, Greenfield City Council and Gary McDaniel, President Pro-Tem of said Council, in its capacity as being a supervisory and authorizing authority over the Greenfield Police Department.  At all times relevant and material to the allegations of this Complaint, Defendant, Greenfield City Council and Gary McDaniel, its President Pro-Tem, was established and maintained under the authority of the laws of Indiana and thus is a resident of Indiana.  Further, the Greenfield City Council has the legal authority and responsibility to select, train and otherwise supervise the actions of the law enforcement officers herein.

**ANSWER:** **In answer to paragraph 16 of the Complaint, Defendants admit that the City of Greenfield employed Officer Silver, Sgt. Vawter, and Chief Jeffrey Rasche. Defendants further admit that the City of Greenfield was established and is maintained under the authority of the laws of the State of Indiana and is a resident of Indiana. The remaining allegations contained in paragraph 15 are overly broad, vague, and are accordingly denied for want of knowledge sufficient to form a belief as to the truth thereof.**

17.     Defendant, Hancock County Commissioners, in their capacity as being a supervisory and authorizing authority over the Hancock County Sheriff's Department.  At all times relevant and material to the allegations of this Complaint, Defendant, Hancock County Commissioners were the duly elected and appointed Commissioners of Hancock County.  As such they were the commanding officials of Defendant Hancock County Sheriff's Department and were responsible for its training, supervision and conduct.  They were also responsible by law for enforcing the regulations of Hancock County and for ensuring that the police personnel obey the laws of the State of Indiana and the United States of America.  At all relevant times, they were acting in such capacity as the agent, servant and employee of the Defendant County of Hancock, Indiana, and are sued individually and in their official capacity.  The Hancock County Commissioners were established and are maintained under the authority of the laws of Indiana and thus are residents of Indiana.

**ANSWER:     The allegations contained in paragraph 17 of the Complaint are not directed towards these answering Defendants.  Accordingly, no answer is required.  To the extent that an answer is required, the allegations are denied for want of knowledge sufficient to form a belief as to the truth thereof.**

18.     As related to Defendant, Axon Enterprise, Inc. f/k/a Taser International, Inc., at all relevant and material times to the allegations of this Complaint, Taser was a for-profit corporation in the business of providing electronic weapons to law enforcement offices and to private persons; further, Taser provided advice and training for use of its products.  During the Spring, 2017, Taser International, Inc. changed its corporate name to Axon Enterprise, Inc. Hereinafter, Axon Enterprise, Inc. f/k/a Taser International, Inc. is referred to as "Taser".

**ANSWER:     The allegations contained in paragraph 18 of the Complaint are not directed towards these answering Defendants.  Accordingly, no answer is required.  To the extent that an answer is required, the allegations are denied for want of knowledge sufficient to form a belief as to the truth thereof.**

8

## FACTUAL ALLEGATIONS

19.     The allegations set forth in Paragraphs 1 through 18 are repeated and realleged as if each was set out in full text.

**ANSWER:    In answer to paragraph 19 of the Complaint, Defendants incorporate their answers to the previous paragraphs as if fully written herein.**

20.     At the time of his death, Plaintiff/Decedent, Douglas Almond Wiggington (hereinafter "Plaintiff/Decedent") was an adult male who resided at 10871 North Division Road, Fountaintown, Shelby County, Indiana 46130.  Plaintiff/Decedent was 48 years of age, having been born on December 17, 1968.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.**

21.     Plaintiff/Decedent was survived by three (3) children, Brittany Renee Raftery, Taylor Eve Wiggington and Douglas Wiggington, all of whom are emancipated adults but whom relied on the financial and emotional support, including love and affection, from their father, Plaintiff/Decedent.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.**

22.     On May 12, 2017, Plaintiff/Decedent was killed by action of law enforcement authorities and the negligence and failures of Taser.

**ANSWER:    Defendants deny the allegations contained in paragraph 22 of the Complaint.**

23.     On May 12, 2017, Plaintiff/Decedent was lawfully proceeding from a social gathering with the intention to return to his home.  As he crossed a public street in the City of Greenfield, Indiana, he was accosted by Police Officer Dillon Silver and Police Sgt. Rodney Vawter and, as a result of his general instability, fell to the ground.

**ANSWER:    Defendants deny the allegations contained in paragraph 23 of the Complaint.**

24.     At the time of the events involved, Plaintiff/Decedent was not armed with a weapon or other protective devise, which appearance was obvious by looking at his person.  Further, at the time of his death, Plaintiff/Decedent was in an impaired and vulnerable medical condition which condition was also readily obvious to all persons involved.

**ANSWER:    The allegations contained in paragraph 24 of the Complaint are denied and denied for want of knowledge sufficient to form a belief as to the truth thereof.**

25.     At no time did Plaintiff/Decedent provoke Police Officer Dillon Silver or Police Sgt. Rodney Vawter to the extent that the use of force was necessary.  Nevertheless, the law enforcement officers shot Plaintiff/Decedent several times with their taser weapons.

**ANSWER:    Defendants admit that Sgt. Vawter deployed the taser twice on Douglas A. Wiggington.  The use of force, and the amount of force, was reasonable under the circumstances.  The remaining allegations contained in paragraph 25 of the Complaint are denied.**

26.     A direct and proximate cause of Plaintiff/Decedent's death was being shot with the Taser provided weapons several times.

**ANSWER:    Defendants deny the allegations contained in paragraph 26 of the Complaint.**

27.    An Estate for Plaintiff/Decedent has been opened in the Shelby County Circuit Court, Shelbyville, Indiana.  The Cause Number of the Estate is 73C01-1801-EU-000007.  The appointed Personal Representatives are Brittany Renee Raftery and Taylor Eve Wiggington.

**ANSWER:**    **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.**

## FEDERAL CAUSES OF ACTION

28.    The allegations set forth in Paragraphs 1 through 27 are repeated and realleged as if each was set out in full text.

**ANSWER:**    **In answer to paragraph 28 of the Complaint, Defendants incorporate their answers to the previous paragraphs as if fully written herein.**

29.    The hereinabove described actions and omissions, engaged in under color of state authority by the Defendants, including Defendants City and County, sued as persons, responsible because of their authorization, condonation, and ratification thereof for the acts of their agents, deprived the Plaintiff/Decedent of rights secured to him by federal law and the Constitution of the United States, including but not limited to, his first amendment right to freedom of expression, his fourth amendment right to be free from unlawful seizure of his person, his fifth and fourteenth amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police, and his eighth amendment right to be free from cruel and unusual punishment.

**ANSWER:**    **Defendants deny the allegations contained in paragraph 29 of the Complaint.**

## PENDENT CAUSES OF ACTION

30.     The allegations set forth in Paragraphs 1 through 29 are repeated and realleged as if each was set out in full text.

**ANSWER:    In answer to paragraph 30 of the Complaint, Defendants incorporate their answers to the previous paragraphs as if fully written herein.**

31.     On or about October 27, 2017, Plaintiff caused a written verified Civil Notice of Tort Claims and Civil Rights Violations to be filed with and served upon the proper officers, agents and employees of the Defendants Hancock County, City of Greenfield Police Department; Chief of Police, Jeffrey Rasche; Police Officer Dillon Silver; Police Sgt. Rodney Vawter; Charles Fewell, as the Mayor of the City of Greenfield, Indiana, City of Greenfield; and, Hancock County Commissioners, pursuant to the appropriate statutes.  A copy of the Civil Notice of Tort Claims and Civil Rights Violations is attached hereto, made a part hereof and marked as Exhibit A.

**ANSWER:    In answer to paragraph 31 of the Complaint, Defendants admit that a copy of the Civil Notice of Tort Claims that was received by the City of Greenfield, Indiana is attached and marked as Exhibit A.  The remaining allegations contained in paragraph 31 of the Complaint are denied and denied for want of knowledge sufficient to form a belief as to the truth thereof.**

32.     More than ninety (90) days have elapsed since the service of such Notice of Tort Claims and Civil Rights Violations and adjustment or payment thereof has been neglected or refused.

**ANSWER:    In answer to paragraph 32 of the Complaint, Defendants admit that more than 90 days have elapsed since the City of Greenfield received the Notice of Tort Claims attached as Exhibit A and that a settlement offer has not been made.  The remaining allegations contained in paragraph 32 of the Complaint are denied for want of knowledge sufficient to form a belief as to the truth thereof.**

33.     The acts and conduct hereinbefore alleged constitute false arrest and imprisonment, assault and battery, abuse of process, negligence, and gross negligence under the laws of the State of Indiana.  This Court has pendent jurisdiction to hear and adjudicate these claims.

**ANSWER:     In answer to paragraph 33 of the Complaint, these Defendants admit that this Court has pendent jurisdiction to hear and adjudicate the claims brought by Plaintiff under Indiana state law.  The remaining allegations contained in paragraph 33 are denied.**

## SPECIFIC ALLEGATIONS

### COUNT I
### Violation of Civil Rights

34.     The allegations set forth in Paragraphs 1 through 33 are repeated and realleged as if each was set out in full text.

**ANSWER:     In answer to paragraph 34 of the Complaint, Defendants incorporate their answers to the previous paragraphs as if fully written herein.**

35.     Acting under color of law and the authority of Defendants City of Greenfield, Indiana by its Mayor, Charles Fewell; Greenfield City Council by its President Pro-Tem Gary A. McDaniel and the Hancock County Commissioners, with Defendants Police Officer Dillon Silver and Police Sgt. Rodney Vawter, intentionally, negligently, and with complete and deliberate indifference for Plaintiff/Decedent's rights caused Plaintiff/Decedent to be deprived of his constitutional rights, including but not limited to those under the fourth, fifth, sixty and eighth amendments by:

a.     using a decree of force that was unreasonable under the circumstances, and in violation of Plaintiff/Decedent's rights to be free of an unreasonable seizure under the fourth amendment;

13

b.      subjecting Plaintiff/Decedent to punishment without the benefit of a trial by jury in violation of his rights under the sixth and eighth amendments; and

c.      depriving Plaintiff/Decedent of his liberty by subjecting him to unwarranted and unreasonable restraints on his person without due process in violation of his rights under the fifth amendment.

**ANSWER:   Defendants deny the allegations contained in paragraph 35 of the Complaint, including all subparts.**

36.     Defendant Chief of Police Jeffrey Rasche, under color of law, intentionally, negligently, and with complete and deliberate indifference to Plaintiff/Decedent's rights, caused Plaintiff/Decedent to be deprived of his constitutional rights including but not limited to the fourth, fifth, sixty and eighth amendments, by:

a.      failing to supervise properly the training and conduct of Defendants Police Officer Dillon Silver Police Sgt. Rodney Vawter; and

b.      failing to enforce the laws of the State of Indiana and the provisions of the Constitution of the United States concerning use of force by members of the police force while making an arrest; and

c.      by failing to promulgate and issue appropriate sections of the Police Manual as related to force use to arrest and restrain; and

d.      by failing to train officers under his command and control in the proper use of force.

**ANSWER:   Defendants deny the allegations contained in paragraph 36 of the Complaint, including all subparts.**

37.     Plaintiff/Decedent's injuries and deprivations of constitutional rights were proximately caused by Defendant Chief of Police Jeffrey Rasche's:

a.       inadequate supervision of the training and conduct of Defendant Police Officer Dillon Silver and Police Sgt. Rodney Vawter;

b.       failure to enforce the laws of the State of Indiana and the appropriate provisions of the Constitution of the United States; and

c.       issuance of vague, confusing, and contradictory policies concerning the use of force that are inconsistent with the requirements of the fourth, fifth, sixth and eighth amendments of the United States Constitution.

**ANSWER:   Defendants deny the allegations contained in paragraph 37 of the Complaint, including all subparts.**

38.     Defendants City of Greenfield, Indiana by its Mayor, Charles Fewell; Greenfield City Council by its President Pro-Tem Gary A. McDaniel and the Hancock County Commissioners, under color of law, intentionally, negligently, and with complete and deliberate indifference for Plaintiff/Decedent's rights, authorized, permitted, and tolerated the custom and practice of the unconstitutional and excessive use of force by members of the Greenfield Police Department and Hancock County Sheriff's Department and, in particular by Defendant Police Officer Dillon Silver and Police Sgt. Rodney Vawter, in failing to:

a.       appoint, promote, train and supervise members of the Hancock County Sheriff's Department and Greenfield Police Department who would enforce the laws in effect in the State of Indiana and who would protect the constitutional rights of the people of the State of Indiana;

b.       require Defendant Police Chief Jeffrey Rasche to promulgate procedures and policies for the use of weapons that were consistent with the fourth, fifth, sixth and eighth amendments of the Constitution; and

c.      by permitting the policy and custom of using unreasonable force to exist and to be followed by the Hancock County Sheriff's Department and Greenfield Police Department.

**ANSWER:   Defendants deny the allegations contained in paragraph 38 of the Complaint, including all subparts.**

## COUNT II
## Assault and Battery Training

39.      Paragraphs 1 through 38 are adopted and incorporated by reference as if set out in full text herein.

**ANSWER:    In answer to paragraph 39 of the Complaint, Defendants incorporate their answers to the previous paragraphs as if fully written herein.**

40.      The above-described shooting of Plaintiff/Decedent by a Taser provided weapon by Defendant Police Officer Dillon Silver and Police Sgt. Rodney Vawter on May 12, 2017 constituted an assault and battery against Plaintiff/Decedent under the laws of the State of Indiana.

**ANSWER:   Defendants deny the allegations contained in paragraph 40 of the Complaint.**

41.      As a result of the assault and battery upon his person by Defendants Police Officer Dillon Silver and Police Sgt. Rodney Vawter, Plaintiff/Decedent was killed.

**ANSWER:   Defendants deny the allegations contained in paragraph 41 of the Complaint.**

42.      Defendant Chief of Police Jeffrey Rasche negligently caused the above-described injuries to Plaintiff by failing to properly train, supervise and control the conduct of Defendant Police Officer Dillon Silver and Police Sgt. Rodney Vawter.

**ANSWER:   Defendants deny the allegations contained in paragraph 42 of the Complaint.**

43.     Defendants, Defendants City of Greenfield, Indiana by its Mayor, Charles Fewell; Greenfield City Council by its President Pro-Tem Gary A. McDaniel and the Hancock County Commissioners, negligently caused the above-described injuries to Plaintiff by failing to properly train, supervise and control the conduct of Defendant Police Officer Dillon Silver and Police Sgt. Rodney Vawter.

**ANSWER:   Defendants deny the allegations contained in paragraph 43 of the Complaint.**

44.     Defendants, City of Greenfield, Indiana by its Mayor, Charles Fewell; Greenfield City Council by its President Pro-Tem Gary A. McDaniel and the Hancock County Commissioners, as the employer of Defendant Police Officer Dillon Silver, Police Sgt. Rodney Vawter and Chief of Police Jeffrey Rasche, as the employer of Defendant Police Officer Dillon Silver and Police Sgt. Rodney Vawter are liable under the doctrine of respondeat superior for the tortious conduct of the individual Defendants.

**ANSWER:   Defendants deny the allegations contained in paragraph 44 of the Complaint.**

<u>**COUNT III**</u>
<u>**Intentional Misconduct and Gross Negligence Training**</u>

45.     The allegations set forth in Paragraphs 1 through 44 are repeated and realleged as if each was set out in full text.

**ANSWER:   In answer to paragraph 45 of the Complaint, Defendants incorporate their answers to the previous paragraphs as if fully written herein.**

46.     The above-described shooting of Plaintiff/Decedent by a Taser provided weapon on May 12, 2017 constituted an assault and battery against Plaintiff/Decedent, constituted intentional misconduct, and gross negligence under the laws of the State of Indiana.

**ANSWER:    Defendants deny the allegations contained in paragraph 46 of the Complaint.**

47.     The conduct of Defendant Chief of Police Jeffrey Rasche in failing to properly train, supervise and control the conduct of Defendant Police Officer Dillon Silver and Police Sgt. Rodney Vawter constituted intentional misconduct and gross negligence under the laws of the State of Indiana.

**ANSWER:    Defendants deny the allegations contained in paragraph 47 of the Complaint.**

48.     Defendants, Defendants, City of Greenfield, Indiana by its Mayor, Charles Fewell; Greenfield City Council by its President Pro-Tem Gary A. McDaniel and the Hancock County Commissioners, as the employer of Defendants Police Officer Dillon Silver, Police Sgt. Rodney Vawter and Chief of Police Jeffrey Rasche, are liable under the doctrine of respondeat superior for the negligent and intentional conduct of the individual Defendants.

**ANSWER:    Defendants deny the allegations contained in paragraph 48 of the Complaint.**

**COUNT IV**
**Unreasonable and Excessive Force Training**

49.     The allegations set forth in Paragraphs 1 through 48 are repeated and realleged as if each was set out in full text.

**ANSWER:    In answer to paragraph 49 of the Complaint, Defendants incorporate their answers to the previous paragraphs as if fully written herein.**

18

50.     Defendants Police Officer Dillon Silver and Police Sgt. Rodney Vawter negligently and intentionally deprived Plaintiff/Decedent of his civil rights to be free from unnecessary and wanton force during arrest or apprehension, by their malicious use of unreasonable and excessive force in shooting Plaintiff/Decedent with a Taser provided weapon.

**ANSWER:    Defendants deny the allegations contained in paragraph 50 of the Complaint.**

51.     As a result of Defendants Police Officer Dillon Silver and Police Sgt. Rodney Vawter's use of excessive and unreasonable force in arresting Plaintiff/Decedent, Plaintiff/Decedent was killed.

**ANSWER:    Defendants deny the allegations contained in paragraph 51 of the Complaint.**

52.     Defendant Chief of Police Jeffrey Rasche caused the above-described injuries by failing to properly train, supervise and control the conduct of Defendants Police Officer Dillon Silver and Police Sgt. Rodney Vawter by failing to train members of the Greenfield Police Department to enforce the laws in effect in the State of Indiana and by failing to promulgate, issue and enforce appropriate procedures and regulations concerning the use of weapons by members of the Greenfield Police Department.

**ANSWER:    Defendants deny the allegations contained in paragraph 52 of the Complaint.**

53.     Defendant Chief of Police Jeffrey Rasche, as the employer of Defendant Police Officer Dillon Silver and Police Sgt. Rodney Vawter is liable under the doctrine of respondeat superior for the tortious conduct of the Defendants Silver and Vawter.

**ANSWER:**   Defendants deny the allegations contained in paragraph 53 of the Complaint.

## COUNT V
## Reckless Disregard of the Facts

54.   The allegations set forth in Paragraphs 1 through 54 are repeated and realleged as if each was set out in full text.

**ANSWER:**   In answer to paragraph 54 of the Complaint, Defendants incorporate their answers to the previous paragraphs as if fully written herein.

55.   Defendants Police Officer Dillon Silver and Police Sgt. Rodney Vawter, in shooting Plaintiff/Decedent with a Taser provided weapon acted in an extreme and outrageous manner, intentionally and with reckless disregard for Plaintiff's welfare, inflicted severe distress and killed Plaintiff/Decedent.

**ANSWER:**   Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.   Defendant Chief of Police Jeffrey Rasche negligently caused the above-described injuries to Plaintiff/Decedent by failing to properly train, supervise and control the conduct of Defendants Police Officer Dillon Silver and Police Sgt. Rodney Vawter.

**ANSWER:**   Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.   Defendants, City of Greenfield, Indiana by its Mayor, Charles Fewell; Greenfield City Council by its President Pro-Tem Gary A. McDaniel and the Hancock County Commissioners negligently caused the above-described injuries to Plaintiff/Decedent by failing to properly train,

supervise and control the conduct of Defendant Police Officer Dillon Silver and Police Sgt. Rodney Vawter.

**ANSWER:   Defendants deny the allegations contained in paragraph 57 of the Complaint.**

58.     Defendants City of Greenfield, Indiana by its Mayor, Charles Fewell; Greenfield City Council by its President Pro-Tem Gary A. McDaniel and the Hancock County Commissioners, as the employer of Defendants Police Officer Dillon Silver, Police Sgt. Rodney Vawter and Chief of Police Jeffrey Rasche are liable under the doctrine of respondeat superior for the tortious conduct of Defendants Silver and Vawter.

**ANSWER:   Defendants deny the allegations contained in paragraph 58 of the Complaint.**

## COUNT VI
## Product Liability

59.     The allegations set forth in Paragraphs 1 through 54 are repeated and realleged as if each was set out in full text.

**ANSWER:    In answer to paragraph 59 of the Complaint, Defendants incorporate their answers to the previous paragraphs as if fully written herein.**

60.     The Taser weapons utilized in this case by the law enforcement officials, were designed and manufactured by Axon Enterprise, Inc. f/k/a Taser International, Inc.  Further, Taser marketed and distributed the weapons to law enforcement officials as well as the general public.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint.**

61.     Taser was responsible for the design, manufacture and maintenance of the weapons and for keeping anyone using the weapons fully informed as to proper use and safety factors which it failed to do.

**ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint.**

62.     Taser was required to design, manufacture, and market its weapons in such a manner that said weapons would not be deadly which it failed to do.

**ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint.**

63.     Taser was required to design the weapons in such a manner as to be non-lethal which it failed to do.

**ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint.**

64.     Taser was required to prepare instruction manuals and to update the same so as to inform users of the proper use of the weapon which it failed to do.

**ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint.**

**Defendant denies all further allegations in the Complaint which have not been specifically admitted herein, including Plaintiffs' request for relief and damages.**

**AFFIRMATIVE DEFENSES**

1.      Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2.      Defendants have immunity from liability for the allegations alleged in Plaintiffs' Complaint under both state and federal law.

3.      The claimed injuries and damages are the direct and proximate result of Plaintiffs' decedent's own conduct.

4.      Defendants are entitled to the defenses and immunities under the Indiana code.

5.      Defendants are entitled to the defense of qualified good faith immunity.

6.      The claimed injuries and damages were proximately caused by the contributory and/or comparative negligence of Plaintiffs' decedent.

7.      The claimed injuries and damages were proximately caused by an intervening and/or superseding cause.

8.      The claimed injuries and damages were proximately caused by the negligence and/or misconduct of persons other these answering Defendants, including those persons who provided Plaintiffs' decedent with the illegal drugs that led to his death.  These Defendants are entitled to an offset at the time of trial for the negligence or misconduct of any persons other than these answering Defendants.

9.      Defendants acted in good faith and with reasonableness at all times relevant to Plaintiffs' Complaint.

10.      No custom, policy or practice of the Defendants proximately caused a constitutional injury to Plaintiffs' decedent.

11.     Plaintiff's decedent knowingly and voluntarily assumed and/or incurred the risk of physical therapy.

12.     Plaintiff may have failed to mitigate the alleged damages, thus barring or reducing recovery against the Defendants.

13.     Plaintiffs' claims are barred, in whole or in part, by the learned intermediary doctrine and/or sophisticated user doctrine.

14.     Any injury to Plaintiffs' decedent was the consequence of pre-existing medical or physical conditions, including acute drug intoxication.

15.     Plaintiffs' claims are barred because Defendants have probable cause for the actions taken.

16.     The Defendants were privileged to act and had a duty to act.

17.     Defendants are entitled to the defense of self-defense and the defense of others.

18.     Plaintiffs' claims are subject to damages caps.

19.     Defendants are entitled to an offset for any monetary settlement, award or judgment Plaintiffs receive from any other sources including, but not limited to, non-parties, former parties, and the State of Indiana.

20.     Defendants reserve the right to assert such additional affirmative defenses which may come to light during the pendency of this action.

WHEREFORE, Defendants pray that Plaintiffs' Complaint be dismissed with prejudice, that Defendants be awarded all reasonable costs incurred in the defense of this action, and that Defendants be granted all such further relief as this Court deems just and proper.

Respectfully submitted,


*/s/ Ronald A. Mingus*
Ronald A. Mingus (31144-49)
REMINGER CO., LPA
College Park Plaza
8909 Purdue Road
Suite 200
Indianapolis, IN 46268
T: 317-853-7366
F: 317-228-0943
*Attorneys for Defendants, Greenfield City Council and City of Greenfield, Indiana*


## JURY DEMAND

Defendants hereby request a trial by jury on all issues so triable.

Respectfully submitted,


*/s/ Ronald A. Mingus*
Ronald A. Mingus (31144-49)
REMINGER CO., LPA
College Park Plaza
8909 Purdue Road
Suite 200
Indianapolis, IN 46268
T: 317-853-7366
F: 317-228-0943
*Attorneys for Defendants, Greenfield City Council and City of Greenfield, Indiana*

## CERTIFICATE OF SERVICE

The foregoing has been forwarded by regular U.S. Postal Service, first-class mail, postage prepaid on this _____29th_____ day of May, 2018 to:

John G. Forbes
Attorney at Law
P.O. Box 441713
Indianapolis, IN 46244
Jforbeslaw@yahoo.com
*Counsel for Plaintiff, Estate of Douglas Almond Wiggington, through Personal Representatives Brittany Renee Raftery and Taylor Eve Wiggington*

Henry Y. Dein
748 East Bates Street
Room 105
Indianapolis, IN 46202
bethburks@sbcglobal.net
*Counsel for Plaintiff, Estate of Douglas Almond Wiggington, through Personal Representatives Brittany Renee Raftery and Taylor Eve Wiggington*


_____*/s/ Ronald A. Mingus*_____
Ronald A. Mingus (Atty No. 31144-49)
REMINGER CO., L.P.A.