UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ESTATE OF DOUGLAS ALMOND WIGGINGTON, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>POLICE OFFICER DILLON SILVER, )<br>*et al.* )<br>Defendants. ) | No. 1:18-cv-01138-JMS-DML |

## ORDER

The Estate of Douglas Almond Wiggington brought this lawsuit after Mr. Wiggington died following an encounter with the police in which he was allegedly Tased. Pending before the Court are two motions to dismiss for failure to prosecute. One is filed by Defendant Axon Enterprise, Inc. ("Axon"), the manufacturer of the Taser. [Filing No. 50.] The other is filed collectively by the City of Greenfield; its City Council; and the police chief, Officer Dillon Silver, and Sergeant Rodney Vawter of the Greenfield Police Department (collectively, the "Greenfield Defendants"). [Filing No. 51.] For the reasons described below, the Court **GRANTS** Defendants' Motions and concludes that the Estate's Complaint must be dismissed with prejudice.

### I.
#### BACKGROUND

On April 13, 2018, the Estate filed its Complaint in this Court, alleging a variety of constitutional and state law claims stemming from Mr. Wiggington's encounter with the police in Greenfield, Indiana, which allegedly resulted in his death from being Tased. [Filing No. 1.] On June 14, 2018, the Magistrate Judge entered a Case Management Plan ("CMP") setting forth various deadlines to facilitate the orderly development of this matter. [Filing No. 30.] Since that

time, however, the Estate has failed to comply with many of the CMP deadlines and discovery obligations.

### A. Case Management Plan Obligations

The CMP in this matter required the Estate to serve their initial disclosures, preliminary witness and exhibit lists, and settlement demand by their respective deadlines of August 13, August 20, and September 13, 2018. [[Filing No. 30 at 4](#).] The Estate failed to comply with these deadlines. On October 2, 2018, the Magistrate Judge directed the Estate to serve the untimely filings by October 12, 2018. [[Filing No. 44](#).] The Estate ultimately partially complied with this extended deadline, as it served its initial disclosures and witness and exhibit lists on October 12, 2018. [[Filing No. 45](#); [Filing No. 46](#); [Filing No. 47](#).] The Estate failed, however, to serve its settlement demand and statement of special damages.

### B. Discovery Obligations

The Estate likewise failed to comply with its discovery obligations throughout the pendency of this case. On June 22, 2018, the Greenfield Defendants served the Estate with interrogatories and requests for production. [[Filing No. 51-4 at 1](#).] Despite receiving an extension to September 7, 2018, the Estate failed to serve the required discovery responses. [[Filing No. 33](#).] A further email request for discovery responses sent on September 23, 2018 likewise went unanswered. [[Filing No. 51-1](#).]

On July 6, 2018, Axon served the Estate with interrogatories and requests for production. [*See* [Filing No. 38 at 2](#).] On August 20, 2018, the Court denied the Estate's motion to extend the response deadline because the motion to extend was filed after the deadline had expired. [[Filing No. 39](#).]

On October 5, 2018, following a status conference with the parties, the Magistrate Judge directed the Estate to "promptly confer with defense counsel regarding responses to outstanding discovery responses." [Filing No. 44.] Despite numerous follow-up emails from both the Greenfield Defendants and Axon requesting that the Estate comply with its discovery obligations, [*see* Filing No. 50-2; Filing No. 50-2; Filing No. 51-1; Filing No. 51-2; Filing No. 51-3; Filing No. 51-4], the Estate failed to respond to either party's discovery requests. Defendants were unable to schedule depositions of the Estate's witnesses without responses to the discovery requests. [*See* Filing No. 51-3 at 1; Filing No. 50-2 at 2.]

### C. Motions to Dismiss

On November 30, 2018, Axon filed its Motion for Dismissal, [Filing No. 50], and on December 11, 2018, the Greenfield Defendants filed a similar Motion for Dismissal joining in Axon's Motion, [Filing No. 51]. Under Local Rule 7-1(c)(3), the Estate had 14 days to respond. S.D. Ind. 7-1(c)(3)(A). The Estate failed to respond by the deadline and, to-date, has not filed a response to the Motions for Dismissal, which are therefore ripe for review.

## II.
### DISCUSSION

Defendants argue that dismissal is appropriate because the Estate has wholly failed to comply with court orders and discovery obligations and because this failure has prevented Defendants from conducting discovery as required to litigate this case. [Filing No. 50; Filing No. 51.] Rule 41(b) provides that "a defendant may move to dismiss the action or any claim against it" where a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). The decision to dismiss a lawsuit as a sanction for failure to prosecute is committed to the sound discretion of the District Court. *McInnis v. Duncan*, 697 F.3d 661 (7th Cir. 2012) (per curiam). Dismissal is regarded as a drastic sanction, appropriate when "there is a clear record

of delay or contumacious conduct," such as a pattern of failure to comply with Court orders. *Id. at 664* (quoting *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011)). While the Court should "consider less severe sanctions before dismissing for failure to prosecute," there is no requirement of "progressive discipline" or "'warning shot[s]' in the form of less severe sanctions." *Id.* at 665 (collecting cases). Dismissal for lack of prosecution generally requires forewarning, which may be provided by an opposing party's motion to dismiss. *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 666 (7th Cir. 2006). Whether the attorney or the client is responsible for the conduct leading to dismissal does not change the analysis. "The clients are principals, the attorney is an agent, and under the law of agency the principal is bound by his chosen agent's deeds." *United States v. 7108 W. Grand Ave., Chi., Ill.*, 15 F.3d 632, 634 (7th Cir. 1994). The attorney's "[m]alpractice, gross or otherwise, may be a good reason to recover from the lawyer but does not justify prolonging litigation against the original adversary." *Id.* at 633.

The record here evinces a long pattern of failure to prosecute. First, the Estate failed to serve their initial disclosures and preliminary witness and exhibit lists until directed, after the CMP deadline had already passed, by the Magistrate Judge. Second, despite being ordered again by the Magistrate Judge to do so, the Estate failed to serve a settlement demand and statement of special damages—important information to allow Defendants to properly assess the matter and evaluate the opportunity for early resolution. Third, despite extensions, orders from the Magistrate Judge, and repeated requests from Defendants, the Estate has wholly failed to comply with its discovery obligations. Finally, the Estate has failed to respond to the instant motion to dismiss, which explicitly put the Estate on notice that Defendants would seek dismissal as a sanction for failure to prosecute.

4

Overall, the Estate has taken minimal action to prosecute this case since this lawsuit was filed almost eleven months ago on April 13, 2018. Through the oversight of the Magistrate Judge, the Estate was provided multiple opportunities to participate in this litigation and failed to do so. The Court has no reason to believe that any other sanction would trigger a different response. Therefore, the Court concludes that dismissal with prejudice is appropriate under Rule 41(b).

### III.
#### CONCLUSION

Dismissal is a drastic sanction. But it is appropriate where, as here, the plaintiff fails to participate in the litigation. The Court, therefore, **GRANTS** Defendants' Motions to Dismiss, [50] & [51] and **DISMISSES** the Estate's Complaint **WITH PREJUDICE**.

Final judgment will issue accordingly.

Date: 3/12/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**